UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

COLBY CHARLES EMBRY,

               Plaintiff,

v.

UNKNOWN PART(Y)(IES) et al.,

               Defendants.

_____/

Case No. 2:23-cv-228

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

In an order (ECF No. 7) entered on January 9, 2024, the Court directed Plaintiff to file an amended complaint within 28 days. The Court directed Plaintiff to do so because he had not identified any individuals as defendants. Plaintiff was advised that if he "fail[ed] to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint with prejudice." (*Id.*, PageID.26.)

The Court received Plaintiff's amended complaint (ECF No. 9.) Plaintiff, however, still has not identified any of the John Doe Defendants by name. Instead, Plaintiff indicates that camera footage of the incident should be watched to determine the officers involved. Because Plaintiff has failed to comply with the Court's prior order directing him to file an amended complaint that identified at least one individual by name, the Court will dismiss this action without prejudice.

## Discussion

### I.  Factual Allegations

Plaintiff is currently incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. According to his amended complaint, five corrections officers at URF subjected him to excessive force on

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

September 9, 2023.[2]  Plaintiff names these individuals as John Doe defendants and asserts that they can be identified by viewing video evidence of the incident. (*Id.*, PageID.30.)

Plaintiff alleges that on the date in question, he was in the cage at Steamboat unit and refused to leave until he spoke to the warden. Plaintiff was given an order to cuff up by Defendants, who were in riot gear and were carrying weapons. Plaintiff states that he put both hands on the wall because he felt unsafe. Plaintiff alleges that Defendants then "shot" him in the back twice, causing Plaintiff to fall to the ground in pain and to suffer a seizure. (*Id.*, PageID.31.) Defendants then maced Plaintiff twice and did not allow him to shower for three and a half days. Plaintiff states that he had a stroke after the incident and that he continues to have them in the present. (*Id.*) Plaintiff seeks damages. (*Id.*, PageID.32.)

## II. Pending Motion for Appointment of Counsel

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear

---

[2] Plaintiff states "9-9-24," but the Court assumes that this was a mistake and that Plaintiff meant 9-9-23.

necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel (ECF No. 8) will therefore be denied.

**III.    Failure to Identify any Defendant**

Based on the allegations in Plaintiff's complaint, Plaintiff is asserting an Eighth Amendment excessive force claim against the five unnamed corrections officers. Although somewhat conclusory, Plaintiff's allegations that he was sprayed with a chemical agent twice after he was already on the ground having a seizure is sufficient to state an Eighth Amendment claim against Defendant Unknown Part(y)(ies) named as five John Doe URF Corrections Officers. (ECF No. 9, PageID.30.)

Again, however, Plaintiff has failed to provide identifying information for any of these individuals. As noted above, the Court directed Plaintiff to file an amended complaint identifying the individuals he wished to sue. Although Plaintiff filed an amended complaint, he did not provide identifying information for at least one of the John Doe Defendants. Without such information, the Court is unable to refer the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program or to order service by the United States Marshals Service. Because Plaintiff has failed to comply with the Court's previous order directing him to provide identifying information, the Court will dismiss Plaintiff's complaint without prejudice. This dismissal without prejudice does not preclude Plaintiff from refiling his suit against these individuals, within the applicable limitations period, should he discover identifying information for at least one of the John Does.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to comply with the Court's order to name any of the Defendants. Plaintiff may refile his suit should he discover

5

the name of at least one Defendant. The Court will also deny Plaintiff's motion to appoint counsel (ECF No. 8).

An order and judgment consistent with this opinion will be entered.


Dated:   February 7, 2024                              /s/ *Maarten Vermaat*
                                                       Maarten Vermaat
                                                       United States Magistrate Judge